**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 03-CV-193-HRW

DAVID KING                                                                                       PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JOHN MOTLEY, ET AL.                                                                   DEFENDANTS

This matter is before the Court for consideration of the:

- Summary Judgment Motion [Record No. 57] of Defendants Ameji, Crall, Motley, and Taylor;

- Motion to Strike Affidavit of Dr. Shedlofsky [Record No. 59] filed by Plaintiff King;

- Response to Motion for Summary Judgment [Record No. 60] filed by Plaintiff David King; and

- Reply [Record No. 61] of Defendants Ameji, Crall, Motley, and Taylor.

CLAIM

The plaintiff alleged in this 42 U.S.C. §1983 action that deliberate indifference has been exhibited to his serious medical needs in violation of the Eighth Amendment as it is applicable to the states through the Fourteenth Amendment. The plaintiff has Hepatitis C ("HCV") infection. He claims his condition is sufficiently serious to entitle him to receive interferon/ribavirin treatment and a liver biopsy. The defendants claim the plaintiff's condition does not call for the requested interferon/ribavirin treatment and/or a liver biopsy.

MOTION TO STRIKE AFFIDAVIT

An affidavit[1] submitted by Stephen Shedlofsky, M.D., an expert in HCV infection, does not support the plaintiff's treatment requests. The plaintiff has filed a Motion to Strike Dr. Shedlofsky's affidavit [Record No. 59]. The plaintiff claims that the affidavit should be stricken because it was not produced to him during discovery. The defendants respond that the affidavit only came into being after the closing date for discovery had passed. Consequently, the affidavit was not subject to discovery and the plaintiff's Motion to Strike must be denied.

MOTION FOR SUMMARY JUDGMENT

Dr. Shedlofsky's affidavit states, "In my opinion, the medical decision not to pursue further testing or treatment at this time, but to continue monitoring Mr. King's condition, is correct." Dr. Shedlofsky's medical opinion is uncontroverted but for the plaintiff's own opinions and conclusions about what should have been the course of treatment administered to him.

A court, especially a court that is not presented with any conflicting medical expertise, should not second-guess the judgment of the medical professionals providing the plaintiff with treatment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). A plaintiff's mere disagreement with the course of medical treatment administered to him does not establish a constitutional violation. *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Estelle*, 429 U.S. at 105-106. At most, the plaintiff has alleged a difference in opinion between the plaintiff and his health care providers regarding the expediency of specific treatment. This does not generally create a constitutional claim. *See Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970); *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983). Consequently, the defendants' Motion for Summary

---

[1] This affidavit is attached as Exhibit B to the defendants' Motion for Summary Judgment [Record No. 57].

Judgment is granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

(1) The plaintiff's Motion to Strike Affidavit [Record No. 59] is **DENIED**.

(2) The defendants' Motion for Summary Judgment [Record No. 57] is **GRANTED**.

This June 27, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge